1 | LOCKE LORD LLP
2 | Regina J. McClendon (SBN 184669)
  | rmcclendon@lockelord.com
3 | Lindsey E. Kress (SBN 278213)
  | lkress@lockelord.com
4 | 44 Montgomery Street, Suite 4100
  | San Francisco, CA  94104
5 | Telephone:  415-318-8810
  | Facsimile:  415-676-5816
6 |
7 | Attorneys for Defendants
  | SELECT PORTFOLIO SERVICING, INC. (erroneously sued as SELECT PORTFOLIO
  | SERVICES, INC.) and NATIONAL DEFAULT SERVICING CORPORATION
8 |

*Locke Lord LLP*
*44 Montgomery Street, Suite 4100*
*San Francisco, CA  94104*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VILLANUEVA | CASE NO. 5:14-cv-05238-HRL |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| SELECT PORTFOLIO SERVICES, INC., NATIONAL DEFAULT SERVICING CORPORATION; and DOES 1-100 | Date:  January 20, 2015 Time:  10:00 am Place:  Courtroom 2, Fifth Floor |
| Defendants. | |
| | Complaint Filed:  November 12, 2014 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on January 20, 2015 at 10:00 a.m. defendants Select Portfolio Servicing, Inc. ("SPS") ("erroneously sued as Select Portfolio Services, Inc.") and National Default Servicing Corporation ("NDSC") (collectively with SPS, "Defendants"), through their undersigned counsel, will bring for hearing, in Courtroom 2 of the United States Courthouse located at 280 South 1st Street, San Jose, California their Motion to Dismiss the Complaint filed by plaintiff Rafael

1

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

1    Villanueva's ("Plaintiff").

2        Defendants seek dismissal of the Complaint and each of its causes of action pursuant to

3    Federal Rule of Civil Procedure 12(b)(6) on the ground that each cause of action fails to state a claim

4    upon which relief can be granted.

5        This Motion is based on this Notice of Motion and Motion, the below Memorandum of

6    Points and Authorities, Defendants' Request for Judicial Notice, the pleadings, papers and records

7    on file in this action, and such oral argument as may be presented at the time of the hearing.

8

9    Dated:  December 3, 2014                      Respectfully submitted,
                                                   LOCKE LORD LLP
10

11
                                                   By:  /s/ Lindsey E. Kress
12
                                                   *Attorneys for Defendants*
13                                                 SELECT PORTFOLIO SERVICING, INC.
                                                   (erroneously sued as SELECT PORTFOLIO
14                                                 SERVICES, INC.) and NATIONAL DEFAULT
                                                   SERVICING CORPORATION
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1

**STATEMENT OF ISSUES TO BE DECIDED**

2      1.      Whether Plaintiff's first cause of action for "Negligent Servicing" states a claim upon

3  which relief can be granted.

4      2.      Whether Plaintiff's second cause of action for "Fraud" states a claim upon which

5  relief can be granted.

6      3.      Whether Plaintiff's third cause of action for "Breach of Duty of Good Faith and Fair

7  Dealing" states a claim upon which relief can be granted.

8      4.      Whether Plaintiff's fourth cause of action for "Breach of Contract" states a claim

9  upon which relief can be granted.

10      5.      Whether Plaintiff's fifth cause of action for "Violation of California Homeowner's

11  Bill of Rights" states a claim upon which relief can be granted.

12      6.      Whether Plaintiff's sixth cause of action for "Promissory Estoppel" states a claim

13  upon which relief can be granted.

14      7.      Whether Plaintiff's seventh cause of action for "Infliction of Emotional Distress"

15  states a claim upon which relief can be granted.

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................... 1

II.    STATEMENT OF FACTS ....................................................... 1

III.   LEGAL ARGUMENT ............................................................. 2

    A.   The Entire Complaint Should Be Dismissed Because Plaintiff's Allegations Fail to Give Defendants Fair Notice in Violation of Rule 8(a) ........................ 2

    B.   Plaintiff's First Cause of Action for Negligent Servicing Fails to State a Claim ............................................................................ 3

    C.   Plaintiff's Second Cause of Action for Fraud Fails to State a Claim .............. 6

    D.   Plaintiff's Third Cause of Action for Breach of Duty of Good Faith and Fair Dealing Fails to State a Claim ....................................................... 7

    E.   Plaintiff's Fourth Cause of Action for Breach of Contract Fails to State a Claim ............................................................................ 9

    F.   Plaintiff's Fifth Cause of Action for Violation of California Homeowner's Bill of Rights Fails to State a Claim ................................................. 11

    G.   Plaintiff's Sixth Cause of Action for Promissory Estoppel Fails to State a Claim ............................................................................ 12

    H.   Plaintiff's Seventh Cause of Action for Infliction of Emotional Distress Fails to State a Claim ...................................................................... 13

IV.    CONCLUSION ................................................................... 14

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aceves v. U.S. Bank N.A.*,
   192 Cal.App.4th 218 (2011) ..................................................................12

*Agosta v. Astor*,
   120 Cal.App.4th 596 (2004) ....................................................................7

*Alperin v. Vatican Bank*,
   410 F.3d 532 (9th Cir. 2005) ..................................................................1

*Alvarez v. BAC Home Loans Servicing, L.P.*,
   228 Cal.App.4th 941, 2014 WL 3883282 (Aug. 7, 2014) ..................4, 5

*Argueta v. J.P. Morgan Chase*,
   2011 WL 2619060 (E.D. Cal. 2011).........................................................5

*Armstrong v. Chevy Chase Bank*,
   FSB, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012) ..................................4

*Banner Entm't, Inc. v. Sup. Ct. of Los Angeles County*,
   62 Cal.App.4th 348 (1998) ....................................................................10

*Berkley v. Dowds*,
   *152 Cal.App.4th* 518 (2007)....................................................................14

*Bionghi v. Metro Water Dist.*,
   70 Cal.App.4th 1358 (1999) ....................................................................8

*Bustamante v. Intuit, Inc.*,
   141 Cal.App.4th 199 (2006) ..................................................................10

*Cadio v. Owens–Illinois, Inc.*,
   125 Cal.App.4th 513 (2004) ....................................................................7

*Casault v. Fed. Nat. Mortgage Ass'n*,
   915 F.Supp.2d 1113 (C.D. Cal. 2012) ....................................................4

*Clark v. Countrywide Home Loans, Inc.*,
   732 F.Supp.2d 1038 (E.D. Cal. 2010).............................................10, 12

*Conder v. Home Savings of Am.*,
   680 F.Supp.2d 1168 (C.D. Cal. 2010) ....................................................9

*Copesky v. Superior Court*,
   229 Cal.App.3d 678, 694 (1991) ............................................................8

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Corazon v. Aurora Loan Services, LLC*,
2011 WL 1740099 (N.D. Cal. May 5, 2011) ...................................................2, 3, 11

*DeLeon v. Wells Fargo Bank, N.A.*,
2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ...................................................6

*Diunugala v. JP Morgan Chase Bank, N.A.*,
2013 WL 5568737, *4 (S.D. Cal. Oct. 3, 2013) ...................................................5

*Dooms v. Fed. Home Loan Mortg. Corp.*,
No. 11–0352, 2011 WL 1232989 (E.D. Cal. Mar. 31, 2011) ..................................4

*Dooms v. Federal Home Loan Mtg. Corp.*,
No. 11-0352, 2011 WL 1232989 (E.D. Cal. Mar. 31, 2011)..................................8, 10

*Filippo Indus., Inc. v. Sun Ins. Co. of New York*,
74 Cal.App.4th 1429 (1999) ...................................................9

*Garcia v. Ocwen Loan Servicing, LLC*,
2010 WL 1881098 (N.D. Cal. May 10, 2010) ...................................................5

*Garcia v. World Savings, FSB*,
183 Cal.App.4th 1031 (2010) ...................................................13

*Gonzalez v. Wells Fargo Bank*,
2012 WL 5350035 (N.D. Cal. Oct. 29, 2012)...................................................4

*Hamilton v. Greenwich Investors XXVI, LLC*,
195 Cal.App.4th 1602 (2010) ...................................................6

*Hamilton v. Prudential Financial*,
2007 WL 2827792 (E.D. Cal. Sept. 27, 2007)...................................................14

*Howard v. First Horizon Home Loan Corp.*,
No. 12-05735, 2013 WL 3146792 (N.D. Cal. June 18, 2013)..................................8

*Intengan v. BAC Home Loans Servicing LP*,
214 Cal.App.4th 1047, 2013 WL 1180435 (2013) ...................................................6

*Johnston v. Ally Financial Inc.*,
No. 11-0998, 2011 WL 3241850 (S.D. Cal. July 29, 2011) ..................................9, 10

*Jolley v. Chase Home Finance, LLC*,
213 Cal.App.4th 872 (2013) ...................................................5

*Katz v. Cal-Western Reconveyance Corp.*,
No. 09-04866, 2010 WL 3768049 (N.D. Cal 2010) ...................................................9

*Kentucky Fried Chicken of Cal., Inc. v. Superior Court*,
14 Cal.4th 814 (1997) ...................................................3

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Khan v. CitiMortgage, Inc.*,
  975 F.Supp.2d 1127 (E.D. Cal. Sept 30, 2013) .......................................................13

*Kourtis v. Cameron*,
  419 F.3d 989 (9th Cir. 2005) ..................................................................................1

*Lal v. American Home Mortg. Servicing, Inc.*,
  No. 09-01585, 2009 WL 3126450 (E.D. Cal. Sept. 24, 2009) ................................8

*Lane v. Vitek Real Estate Industries Group*,
  713 F.Supp.2d 1092 (E.D. Cal. May 13, 2010) .....................................................11

*Leids v. Metlife Home Loans*,
  No. 09-7016, 2009 WL 4894991 (C.D. Cal. Dec. 7, 2009) ....................................8

*Levine v. Entrust Group, Inc.*,
  No. 12-03959, 2013 WL 1320498 (N.D. Cal. Apr. 1, 2013).................................11

*Lomboy v. SCME Mortg. Bankers*,
  No. 09-1160, 2009 WL 1457738 (N.D. Cal. May 26, 2009).................................9

*Lugo v. Bank of America, N.A.*,
  2:11-cv-01956, 2012 WL 893878 (E.D. Cal. Mar. 15, 2012).................................3

*Mabry v. Superior Court*,
  185 Cal.App.4th 208 (2010) ...................................................................................6

*Mitsui Manufacturers Bank v. Superior Court*,
  212 Cal.App.3d 726, 796 (2007) ...........................................................................8

*Melegrito v. CitiMortgage Inc.*,
  No. 11-01765, 2011 WL 2197534 (N.D. Cal. June 6, 2011).................................10

*Mendoza v. City of Los Angeles*,
  66 Cal.App.4th 1333 (1998) ...................................................................................3

*Mintz v. Blue Cross of California*,
  172 Cal.App.4th 1594 (2009) ................................................................................14

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988) ..................................................................................1

*Mora v. U.S. Bank N.A.*,
  No. 11-6598, 2012 WL 2061629 (N.D. Cal. June 7, 2012).................................9, 10

*Nastrom v. JPMorgan Chase Bank, N.A.*,
  No. 11-01998, 2012 WL 5522795 (E.D. Cal. Nov. 14, 2012)................................5

*Nichols v. Keller*,
  15 Cal.App.4th 1672 (1993) ...................................................................................3

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
    231 Cal.App.3d 1089 (1991) ................................................................. 3, 4

*Oaks Mgmt. Corp. v. Superior Court*,
    145 Cal. App. 4th 453 (2006) ................................................................. 3

*Pareto v. F.D.I.C.*,
    139 F.3d 696 (9th Cir. 1998) ................................................................. 1

*Philipson & Simon v. Gulsvig*,
    154 Cal.App.4th 347 (2007) ................................................................. 6

*Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*,
    11 Cal.App.4th 1031 (1992) ................................................................. 7

*Ramirez v. Manpower, Inc.*,
    No. 5:13-cv-2880-EJD, 2014 WL 116531 (N.D. Cal. Jan. 10, 2014) ................................ 2

*Ricard v. Pacific Indemnity Co.*,
    132 Cal.App.3d 886 (1982) ................................................................. 14

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
    732 F.Supp.2d 952 (N.D. Cal. 2010) ........................................................ 7

*Scotten v. First Horizon Home Loan Corp.*,
    2012 WL 3277104 (E.D. Cal. Aug. 9, 2012) .................................................. 5

*Secrest v. Security Nat. Mortg. Loan Trust 2002-2*,
    167 Cal.App.4th 544 (2008) ................................................................. 13

*Settle v. World Sav. Bank, F.S.B.*,
    2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) ................................................. 4

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
    2 Cal.App.4th 153 (1991) ................................................................... 6

*In re VerifoneSecs. Litig.*,
    11 F.3d 865 (9th Cir. 1993) ................................................................ 1

*Western Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) ............................................................... 1

*Wilhelm v. Pray, Price, Williams & Russell*,
    186 Cal.App.3d 1324 (1986) ................................................................ 6

*Wornum v. Aurora Loan Servs., Inc.*,
    No. 11-02189, 2011 WL 3516055 (N.D. Cal Aug. 11, 2011) .................................... 8

*Youngman v. Nev. Irrigation Dist.*,
    70 Ca1.2d 240, 74 (1969) .................................................................. 13

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

v

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

**STATUTES**

Cal. Civ. Code § 2923.6.................................................................................................11, 12

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 8.................................................................................................2, 3, 11

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants Select Portfolio Servicing, Inc. ("SPS") ("erroneously sued as Select Portfolio Services, Inc.") and National Default Servicing Corporation ("NDSC") (collectively with SPS, "Defendants") move to dismiss plaintiff Rafael Villanueva's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim.

Plaintiff has filed this meritless Complaint in a last minute attempt to avert the foreclosure sale of the real property located at 331 Junipero Drive, Unit 3, Milpitas, California (the "Property"). After eight years of enjoying the benefits of the mortgage loan secured by the Property, Plaintiff seeks to avoid the consequences of his continued default on the associated payment obligations by filing this Complaint in which he asks this Court to force Defendants to modify the agreed upon terms of his loan –notwithstanding the fact that he has no legal right to a loan modification.

As discussed in detail below, each of Plaintiff's claims necessarily fails as a matter of law. As a result, Defendants respectfully request that this Court grant their Motion to Dismiss in its entirety, without leave to amend.

### II.   STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re VerifoneSecs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).  In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss."  *Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir. 1988); *accord Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

In keeping with these rules, and without conceding for any other purpose the truth of Plaintiff's allegations, Defendants set forth the facts pertinent to this motion.

Plaintiff obtained a mortgage loan from GreenPoint Mortgage Funding, Inc. ("GreenPoint") in the amount of $312,000 on or about June 7, 2006. (Defendants' Request for Judicial Notice ("RJN"), ¶ Exh. A) This loan was secured by a deed of trust ("Deed of Trust") recorded against the Property. (*Id*.). The Deed of Trust provided that the lender was GreenPoint, the trustee was Marin Conveyancing Corp., and the beneficiary was Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id*.). An Assignment of Deed of Trust whereby MERS transferred its interest in Plaintiff's Deed of Trust to Bank of New York Mellon FKA The Bank of New York, as trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-0C7, Mortgage Pass-Through Certificates, Series 2006-OC7 was recorded against the Property on July 2, 2012. (RJN, Exh. B). A Substitution of Trustee was recorded against the Property on June 2, 2014, substituting NDSC as trustee under the Deed of Trust as of May 23, 2014. (RJN, Exh. C).

On or about June 2, 2014, a Notice of Default was recorded against the Property, reflecting a past due amount of $21,736.55 as of May 30, 2014. (RJN, Exh. D). A Notice of Trustee's Sale was recorded on September 16, 2014, reflecting a sale date of October 10, 2014 for the Property. (RJN, Exh. E). No foreclosure sale has taken place as of the date of this Motion.

## III.   LEGAL ARGUMENT

### A.   The Entire Complaint Should Be Dismissed Because Plaintiff's Allegations Fail to Give Defendants Fair Notice in Violation of Rule 8(a)

"It has long been clear that Rule 8 requires 'more than empty boilerplate.'" *Corazon v. Aurora Loan Services, LLC*, 2011 WL 1740099, *5 (N.D. Cal. May 5, 2011) (quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F.Supp. 948, 962 (S.D. Cal. 1996)). "[E]ven under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Ramirez v. Manpower, Inc.*, No. 5:13-cv-2880-EJD, 2014 WL 116531 *2(N.D. Cal. Jan. 10, 2014) (citing *Twombly*, 550 U.S. at 555) (internal citation omitted). In addition, "'factual allegations must be enough to raise a right to relief above the

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    speculative level.'" *Lugo v. Bank of America, N.A.*, 2:11-cv-01956, 2012 WL 893878, *2 (E.D. Cal.

2    Mar. 15, 2012) (citation omitted).

3           Here, each of Plaintiff's causes of action is nothing more than a threadbare recital of the

4    elements of a cause of action.  Thus, Plaintiff's "failure to…provide well-pleaded factual allegations

5    in support of each cause of action renders [their Complaint] deficient under Rule 8." *Corazon*, 2011

6    WL 1740099, *5.  Plaintiff's entire Complaint must fail for this reason alone. *Lugo*, 2012 WL

7    893878, *3 ("Rule 8(a)(2) ... requires a 'showing,' rather than a blanket assertion, of entitlement to

8    relief.") (citing *Twombly*, 550 U.S. at 556 n. 3).

9           **B.     Plaintiff's First Cause of Action for Negligent Servicing Fails to State a Claim**

10          Plaintiff's first cause of action claims that Defendants were negligent in the servicing of

11   Plaintiff's loan by failing to "timely investigate Plaintiff's RESPA request, or remedy their error in

12   dual tracking the Plaintiff's account."  (Compl., ¶ 11).  However, Plaintiff offers no facts to support

13   this claim.  In fact, it is unclear what "RESPA request" Plaintiff is even referring to.  Thus as

14   discussed above, Plaintiff's first cause of action is factually deficient under Rule 8.

15          That said, assuming *arguendo* that Plaintiff did plead sufficient facts in support of his

16   negligence claim (and he has not), Plaintiff's first cause of action fails for additional reasons.

17   Specifically, "[t]he elements of a cause of action for negligence are (1) a legal duty to use reasonable

18   care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the

19   plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998) (citation

20   omitted).  The existence of a duty is a matter of law determined by the court. *Kentucky Fried*

21   *Chicken of Cal., Inc. v. Superior Court*, 14 Cal.4th 814, 819 (1997).  "Absent the existence of duty…

22   there can be no breach and no negligence." *Nichols v. Keller*, 15 Cal.App.4th 1672, 1683 (1993).

23   California courts have long held that there is no fiduciary duty or duty of care owed to a borrower

24   where an institution's involvement in the loan transaction "does not exceed the scope of its

25   conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231

26   Cal.App.3d 1089, 1096 (1991).  Further, "[a]bsent 'special circumstances' a loan transaction 'is at

27   arms-length and there is no fiduciary relationship between the borrower and lender.'" *Oaks Mgmt.*

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

3

1    *Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006).  As Defendants owed no duty to

2    Plaintiff, his negligence claim against Defendants must fail.

3            However, Defendants acknowledge that one recent published California Court of Appeal

4    opinion provides that a borrower may be able to assert a negligence claim against a loan servicer

5    based upon alleged mishandling of a loan modification application.  *See Alvarez v. BAC Home*

6    *Loans Servicing, L.P.,* 228 Cal.App.4th 941, 2014 WL 3883282 (Aug. 7, 2014).  At the outset,

7    Plaintiff does not claim that Defendants were negligent in the handling of his loan modification

8    application.  Instead, Plaintiff claims that Defendants were negligent in the "servicing" of Plaintiff's

9    loan.  (Compl., ¶ 11).  That said, to the extent that Plaintiff attempts to tie his negligence claim into

10   his request for a loan modification, Plaintiff cannot rely on *Alvarez* to support his cause of action.

11           Specifically, the *Alvarez* case goes against the large volume of California opinions finding

12   that "[a] loan modification, which is nothing more than a renegotiation of loan terms, falls well

13   within a[n] institution's conventional money-lending role."  *Gonzalez v. Wells Fargo Bank*, 2012

14   WL 5350035, *6 (N.D. Cal. Oct. 29, 2012); *accord  Casault v. Fed. Nat. Mortgage Ass'n*, 915

15   F.Supp.2d 1113, 1130-31 (C.D. Cal. 2012) ("This Court finds that the six-factor test is unnecessary

16   to determine that no duty can be established as many of the California district courts, particularly in

17   the Central District, have found that modifying the terms of a loan is 'intimately tied to Defendant's

18   lending role.'") (citations omitted);  *Armstrong v. Chevy Chase Bank*, FSB, 2012 WL 4747165, *4

19   (N.D. Cal. Oct. 3, 2012) ("The problem with this argument is that a loan modification, which at its

20   core is an attempt by a money lender to salvage a troubled loan, is nothing more than a renegotiation

21   of loan terms. This renegotiation is the same activity that occurred when the loan was first

22   originated; the only difference being that the loan is already in existence."); *Settle v. World Sav.*

23   *Bank, F.S.B.*, 2012 WL 1026103, *8 (C.D. Cal. Jan. 11, 2012) ("[A] loan modification [i]s a

24   traditional money lending activity, warranting application of the rule articulated in *Nymark* … that a

25   financial institution in general owes no duty of care to a borrower"); *Dooms v. Fed. Home Loan*

26   *Mortg. Corp.*, No. 11–0352, 2011 WL 1232989, *12 (E.D. Cal. Mar. 31, 2011) (holding that lender

27   owed plaintiff no duty of care related to her loan modification attempts).

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

4

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    Further, the Court in *Alvarez* relied heavily on the case of *Jolley v. Chase Home Finance,*

2   *LLC,* 213 Cal.App.4th 872 (2013).  However, in *Jolley*, the plaintiff's negligence claim involved not

3   only allegations relating to loan modification negotiations, but allegations that plaintiff's lender did

4   not properly disburse construction loan funds.  Moreover, *Jolley* involved a construction loan

5   agreement, not a residential loan agreement.  *See Jolley*, 213 Cal.App.4th  at 877.  *Jolley* is

6   distinguishable from the facts of this case as a result.  *See Diunugala v. JP Morgan Chase Bank*,

7   N.A., 2013 WL 5568737, *4 (S.D. Cal. Oct. 3, 2013) ("The Court finds *Jolley* to be inapposite to

8   this case, which involves a residential home loan and related loan servicing issues.").

9    The Court in *Alvarez* also relies heavily upon the opinion in *Garcia v. Ocwen Loan*

10   *Servicing, LLC,* 2010 WL 1881098 (N.D. Cal. May 10, 2010).  However, Plaintiff's allegations in

11   this Complaint are not like those at issue in *Garcia*.  As one court evaluating analogous allegations

12   to this case explained:

13       *Garcia* did involve a loan modification application, but the conduct
         at issue was different. The foreseeability of harm, the degree of
14       certainty that the plaintiff suffered injury, and the closeness of the
         connection between the defendant's conduct and the injury suffered
15       (three of the *Biakanja* factors) were all clearer in *Garcia* because
         the defendant sold plaintiff's house at a trustee's sale after
16       misdirecting paperwork and failing to inform the plaintiff of the
         impending sale. The court relied upon the fact that as a result of the
17       defendant's conduct, the plaintiff had permanently lost the
         possibility of modification and lost his house. Here, the Property
18       has not been sold at a foreclosure sale  nor does Plaintiff allege that
         he has lost the possibility of obtaining a loan modification.

19

20   *Scotten v. First Horizon Home Loan Corp.*, 2012 WL 3277104, *5 (E.D. Cal. Aug. 9, 2012); *see*

21   *also; Argueta v. J.P. Morgan Chase*, 2011 WL 2619060, *5 (E.D. Cal. 2011) (based on weight of

22   authority, declining to follow  *Garcia*).

23    Nor are Plaintiff's allegations here similar to those in *Alvarez*.  Here, Plaintiff still lives in the

24   Property (despite his continued default) and has been on notice of the potential foreclosure since

25   June of 2014.  (RJN, Exhs. D, E).

26    Moreover, even if Defendants owed Plaintiff a duty of care – which they do not – Plaintiff is

27   unable to establish any injury as a result of any alleged breach because Defendants ultimately had no

28   statutory duty under California law to actually give Plaintiff a loan modification.  *See Nastrom v.*

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  *JPMorgan Chase Bank, N.A.*, No. 11-01998, 2012 WL 5522795, *6 (E.D. Cal. Nov. 14, 2012) ("In

2  California, lenders do not have a statutory duty to agree to a mortgage loan modification.") (citing

3  *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1617 (2010)); *accord Mabry v.*

4  *Superior Court*, 185 Cal.App.4th 208, 222-23 & n.9 (2010); *accord Intengan v. BAC Home Loans*

5  *Servicing LP*, 214 Cal.App.4th 1047, 2013 WL 1180435, *5 (2013).  Thus, even if Defendants found

6  that Plaintiff was eligible for a loan modification – it had no duty to actually provide Plaintiff a loan

7  modification.  Accordingly, Plaintiff cannot claim to have been injured by Defendants' conduct in

8  denying his loan modification applications or moving forward with foreclosure as a result of his

9  continued default.  Notably, Plaintiff remained obligated under the terms of his Deed of Trust

10  despite his request to modify the terms of his loan.  *See DeLeon v. Wells Fargo Bank, N.A*., 2011

11  WL 311376, *7  (N.D. Cal. Jan. 28, 2011) (plaintiffs' default, not defendant's conduct, caused

12  alleged injury).

13  　　　　For all of these reasons, Plaintiff does not state a valid negligence claim against Defendants

14  and this claim should be dismissed with prejudice.

15  　　**C.**　　**Plaintiff's Second Cause of Action for Fraud Fails to State a Claim**

16  　　　　Plaintiff's second cause of action claims that Defendants defrauded Plaintiff by encouraging

17  him "to continue to submit documentation for the NPV calculation."  At the outset, it is unclear what

18  Plaintiff is even alleging as the Complaint contains no facts pertaining to a NPV calculation or how

19  this is relevant to Plaintiff's claims.  (Compl., ¶¶ 13-17).  That said, in order to properly allege fraud

20  against a defendant, a plaintiff must establish: (a) misrepresentation, (b) knowledge of falsity, (c)

21  intent to defraud or induce reliance, (d) justifiable reliance, and (e) resulting damage.  *Philipson &*

22  *Simon v. Gulsvig*, 154 Cal.App.4th 347, 363 (2007).  "[E]very element of the cause of action for

23  fraud must be alleged in full, factually and specifically,…."  *Wilhelm v. Pray, Price, Williams &*

24  *Russell*, 186 Cal.App.3d 1324, 1331 (1986).  Furthermore, as to corporate defendants like SPS and

25  NDSC, Plaintiff must also "allege the names of the persons who made the allegedly fraudulent

26  representations, their authority to speak, to whom they spoke, what they said or wrote, and when it

27  was said or written."  *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991);

28  *accord Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1615 (2011) (affirming

6

decision to sustain demurrer to fraud claim where plaintiffs did "not say who at [the defendant company] made any statements to them").  "The same elements comprise a cause of action for negligent misrepresentation, except there is not a requirement of intent to induce reliance."  *Cadio v. Owens–Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).

Plaintiff's allegations in support of his second cause of action do not meet the heightened particularity standard.  His allegations fall far short of informing Defendants of their specific role in the alleged fraud by failing to identify the time, place, and nature of the alleged fraudulent statements or who made the supposedly false statements on Defendants' behalf.  Plaintiff's claims are therefore not pled with the requisite specificity and necessarily fail as a result.

Thus, Plaintiff's second cause of action should be dismissed against Defendants.

### D.    Plaintiff's Third Cause of Action for Breach of Duty of Good Faith and Fair Dealing Fails to State a Claim

Plaintiff pled his third cause of action for breach of the implied covenant of good faith and fair dealing against SPS only.  A cause of action for breach of the implied covenant of good faith and fair dealing must be premised on the breach of a specific contractual obligation.  "[T]he factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct."  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D. Cal. 2010) (citing California Civil Jury Instruction 325).  The implied covenant does not exist independently, but rather, is "limited to assuring compliance with the express terms of the contract." *Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*, 11 Cal.App.4th 1031, 1032 (1992). Further, "[t]he covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'"  *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004) (quotation omitted).

Here, the Complaint does not properly plead the existence and material terms of an agreement that Plaintiff supposedly entered into with SPS.  Thus, it is impossible to tell whether the

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

7

terms of the purported contract prohibit SPS's alleged conduct—as Plaintiff contends—or whether Plaintiff is instead improperly seeking to impose obligations that are beyond the contract's scope. *See Dooms v. Federal Home Loan Mtg. Corp.*, No. 11-0352, 2011 WL 1232989, *8-9 (E.D. Cal. Mar. 31, 2011) (dismissing breach of implied covenant claim where the complaint did "not set forth verbatim contract terms and no copy of the written [agreement] on which [the plaintiff] relies is attached," because the plaintiff had not pled "a specific contractual obligation on which to premise an implied covenant claim" and thus could be attempting to "impose … obligations beyond the scope of a purported contract").

Further, Plaintiff has not pled his own performance of the alleged agreement or any resulting contract damages.  And he cannot seek tort damages because "tort recovery for breach of the covenant of [good faith and fair dealing] is available only in limited circumstances…." *See Bionghi v. Metro Water Dist.*, 70 Cal.App.4th 1358, 1370 (1999).  And "the bank-depositor relationship is not a 'special relationship' . . . such as to give rise to tort damages when an implied contractual covenant of good faith is broken." *Copesky v. Superior Court,* 229 Cal.App.3d 678, 694 (1991); *see also Mitsui Manufacturers Bank v. Superior Court,* 212 Cal.App.3d 726, 796 (2007) (tort doctrine does not encompass normal banking transactions); *Lal v. American Home Mortg. Servicing, Inc.*, No. 09-01585, 2009 WL 3126450, *4 (E.D. Cal. Sept. 24, 2009) ("California has rejected a rule that would apply tort recovery for breach of the implied covenant in 'normal commercial banking transactions.'"); *Leids v. Metlife Home Loans*, No. 09-7016, 2009 WL 4894991, *3 (C.D. Cal. Dec. 7, 2009) ("Generally, no claim for the tortious breach of the implied covenant of good faith and fair dealing can be alleged unless the parties are in a 'special relationship' … Plaintiffs have failed to allege facts sufficient to show that they had a special relationship with the defendant.").

Moreover, to the extent that Plaintiff is attempting to plead this cause of action against defendant SPS with regard to his request for a loan modification (*see* Compl., ¶¶ 20-21), this claim must fail because SPS is not a party to the underlying Deed of Trust.  *Howard v. First Horizon Home Loan Corp.*, No. 12-05735, 2013 WL 3146792, *2-3 (N.D. Cal. June 18, 2013) ("[A] mortgagor cannot bring a claim for breach of contract against a servicer premised on the deed of trust because a loan servicer is not a party to the deed of trust."); *accord Wornum v. Aurora Loan*

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   *Servs., Inc.*, No. 11-02189, 2011 WL 3516055, *9 (N.D. Cal Aug. 11, 2011); *Lomboy v. SCME*

2   *Mortg. Bankers*, No. 09-1160, 2009 WL 1457738, * 5 (N.D. Cal. May 26, 2009); *see also Conder v.*

3   *Home Savings of Am.*, 680 F.Supp.2d 1168, 1174 (C.D. Cal. 2010) ("The fact that [the servicer]

4   entered into a contract … to service Plaintiff's loan does not create contractual privity between [the

5   servicer] and Plaintiff."); *Filippo Indus., Inc. v. Sun Ins. Co. of New York*, 74 Cal.App.4th 1429,

6   1442 (1999) ("[A]n agent cannot be held liable for breach of a duty which flows from a contract to

7   which he is not a party.").

8        For each of these reasons, this Court should dismiss Plaintiff's third cause of action against

9   SPS without leave to amend.

10        **E.**    **Plaintiff's Fourth Cause of Action for Breach of Contract Fails to State a Claim**

11        Plaintiff's fourth cause of action claims that SPS breached an oral agreement with Plaintiff to

12   provide him with a loan modification.  (Compl., ¶¶ 24-25).  "'[T]o state a claim for breach of

13   contract, the plaintiff must plead: 1) the existence of the contract; 2) plaintiff's performance or

14   excuse for nonperformance of the contract; 3) defendant's breach of the contract; and 4) resulting

15   damages.'"  *Katz v. Cal-Western Reconveyance Corp.*, No. 09-04866, 2010 WL 3768049, *2 (N.D.

16   Cal 2010) (quotation omitted, emphasis added).  "In addition, to establish a right to specific

17   performance, Plaintiff must plead facts showing that: (1) the contract terms are sufficiently definite;

18   (2) consideration is adequate; (3) there is substantial similarity of the requested performance to the

19   contractual terms; (4) there is mutuality of remedies; and (5) plaintiff's legal remedy is inadequate."

20   *Id.* (citation omitted).

21        Plaintiff's fourth cause of action for breach of contract must be dismissed because Plaintiff

22   does not allege that he entered into any written contract with SPS, let alone all of the material terms

23   of that contract.  Initially, Plaintiff fails to allege facts showing that SPS breached a written contract

24   at all.  (See Compl., ¶¶ 23-26).

25        Nonetheless, if the contract a plaintiff seeks to sue on is written, "the terms must be set out

26   verbatim in the body of the complaint or a copy of the written agreement must be attached and

27   incorporated by reference."  *Mora v. U.S. Bank N.A.*, No. 11-6598, 2012 WL 2061629, *2-3 (N.D.

28   Cal. June 7, 2012) (citation omitted); *accord Johnston v. Ally Financial Inc.*, No. 11-0998, 2011 WL

3241850, *2 (S.D. Cal. July 29, 2011).  Here, however, Plaintiff does not attach a copy of any written agreement with SPS to the Complaint – nor does he claim that any such written agreement was ever executed.  (*See* Compl., ¶¶ 23-26).

Further, under California law, an agreement to modify a mortgage loan must be (1) in writing and (2) signed by the party to be charged or it is subject to the statute of frauds.  *Melegrito v. CitiMortgage Inc.*, No. 11-01765, 2011 WL 2197534, *13 (N.D. Cal. June 6, 2011); s*ee also Clark v. Countrywide Home Loans, Inc.*, 732 F.Supp.2d 1038, 1043 (E.D. Cal. 2010) ("[T]he alleged promise for a loan modification is subject to the statute of frauds.") (internal citations omitted).  No such agreement is present here, further necessitating dismissal.  *See Johnston*, 2011 WL 3241850 at *3 (dismissing breach of contract claim because "any agreement for a modification of Plaintiffs' mortgage would be subject to the requirements of the statute of frauds"); *Dooms v. Federal Home Loan Mortg. Corp.*, No. 11-0352, 2011 WL 1303272, *5-6 (E.D. Cal. Mar. 31, 2011) ("The complaint fails to identify a written modification and fails to allege that the … defendants signed an agreement.  The statute of frauds bars the breach of contract claim which is subject to dismissal.").  In addition, under California law, "there is no contract until there has been a meeting of the minds on all material points."  *Banner Entm't, Inc. v. Sup. Ct. of Los Angeles County,* 62 Cal.App.4th 348, 357-58 (1998); *see also Bustamante v. Intuit, Inc.*, 141 Cal.App.4th 199, 213 (2006) ("[T]he failure to reach a meeting of the minds on all material points prevents the formation of a contract even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract.") (citation omitted).

Here, Plaintiff does not identify **<u>any</u>** terms of the alleged oral loan modification agreement – let alone any *material* terms such as whether the interest rate would be fixed or adjustable, when payments would be due, and how payments would be applied to principal, interest, taxes, and insurance.  (*See* Compl., ¶¶ 23-26).  This additionally necessitates dismissal.  *See Mora*, 2012 WL 2061629 at *6 (dismissing breach of contract claim, stating: "Plaintiffs seek specific performance of the contract but do not allege, among other things, sufficiently definite terms that would allow the Court to determine whether the requested performance is substantially similar to that required under the contract."); *see also Melegrito*, 2011 WL 2197534 at *13 (holding that "conclusory allegations

1   about … a loan modification with unspecified terms at some point in the unspecified future are

2   insufficient to permit the court to reasonably infer that [a defendant] made a clear promise to modify

3   [a] loan.”).

4          For all of these reasons, Plaintiff's fourth cause of action should be dismissed against SPS

5   with prejudice.

6   **F.     Plaintiff's Fifth Cause of Action for Violation of California Homeowner's Bill of**

7   **Rights Fails to State a Claim**

8          Plaintiff's Complaint generally claims that Defendants violated the California Homeowner's

9   Bill of Rights ("HBOR") by "dual tracking Plaintiff's loan."  (Compl., ¶ 28).  However, Plaintiff

10  fails to specify what exact provision of HBOR that Defendants allegedly violated.  Instead,

11  Defendants are left to guess what exact section of HBOR that Plaintiff is referring to, what the

12  provision requires, how Defendants allegedly violated it, and to what extent Plaintiff is entitled to

13  relief.  As discussed above, this ambiguous pleading fails to satisfy the notice requirement of Fed. R.

14  Civ. Proc. 8(a).  *See Corazon,* 2011 WL 1740099, *5  (quoting *Gen-Probe, Inc.,* 926 F.Supp. 962)

15  ("It has long been clear that Rule 8 requires 'more than empty boilerplate.'") (citations omitted).

16  Plaintiff's failure to plead this claim with particularity is a fatal omission.  *Levine v. Entrust Group,*

17  *Inc.*, No. 12-03959, 2013 WL 1320498 *6-7 (N.D. Cal. Apr. 1, 2013) (dismissing plaintiff's claim

18  that defendant violated CFPB regulations as plaintiff did not allege which regulations defendants

19  allegedly violated); *accord Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1101

20  (E.D. Cal. May 13, 2010) ("Defendants should not be forced to guess how they each violated

21  RESPA.").

22         That said, to the extent that Plaintiff is attempting to plead a cause of action under California

23  Civil Code section 2923.6(c), this section only prohibits the recording of a notice of default or notice

24  of sale while a *complete* loan modification application is pending.  Cal. Civ. Code § 2923.6(c).

25  Further, "an application shall be deemed 'complete' when a borrower has supplied the servicer with

26  all documents required by the mortgage servicer within the reasonable timeframes specified by the

27  mortgage servicer."  Cal. Civ. Code § 2923.6(h).  Here, Plaintiff does not allege to have submitted a

28  *complete* loan modification application prior to the Notice of Trustee's Sale being recorded.  Rather,

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

11

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    Plaintiffs claims that his request for a loan modification "was under active review" – which in no

2    way indicates that SPS had received all documents necessary to complete the review, thus making

3    the application complete for purposes of section 2923.6(c).

4            Moreover, the legislature took care to ensure that borrowers do not purposely delay the

5    foreclosure process by submitting multiple applications for loan modifications.  In fact, section

6    2923.6(f) states that

7            "[i]n order to minimize the risk of borrowers submitting multiple
             applications for first lien loan modifications for the purpose of
8            delay, the mortgage servicer shall not be obligated to evaluate
             applications from borrowers who have already been evaluated or
9            afforded a fair opportunity to be evaluated for a first lien loan
             modification prior to January 1, 2013, or who have been evaluated
10           or afforded a fair opportunity to be evaluated, unless there has been
             a material change in the borrower's financial circumstances since
11           the date of the borrower's previous application and that change is
             documented by the borrower and submitted to the mortgage
12           servicer."

13   Cal. Civ. Code § 2923.6(f).  Here, Plaintiff does not plead any facts stating whether he has already

14   been reviewed for a loan modification.  Thus, it is unclear if section 2923.6(c) even applies to

15   Plaintiff.

16           For all of these reasons, Plaintiffs' fifth cause of action fails to state a claim and should be

17   dismissed against Defendants as a result.

18       **G.    Plaintiff's Sixth Cause of Action for Promissory Estoppel Fails to State a Claim**

19           Plaintiff's sixth cause of action for promissory estoppel is based upon an alleged oral promise

20   from SPS to modify the terms of Plaintiff's loan.  However, as discussed above, an agreement to

21   modify a mortgage loan must be (1) in writing and (2) signed by the party to be charged or it is

22   subject to the statute of frauds.  *Clark,* 732 F.Supp.2d at 1043 ("[T]he alleged promise for a loan

23   modification is subject to the statute of frauds.") (internal citations omitted).  No such agreement is

24   present here, further necessitating dismissal.

25           Nonetheless, to state a claim for promissory estoppel, a plaintiff must show: "(1) a promise

26   clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the]

27   reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be

28   injured by his reliance.'"  *Aceves v. U.S. Bank N.A.*, 192 Cal.App.4th 218, 225 (2011) (citation

12

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

1  omitted).  Under promissory estoppel, "a promisor is bound when he should reasonably expect a

2  substantial change of position, either by act or forbearance, in reliance on his promise, if injustice

3  can be avoided only by its enforcement…The vital principle is that he who by his language or

4  conduct leads another to do what he would not otherwise have done shall not subject such person to

5  loss or injury by disappointing the expectations upon which he acted.  *Garcia v. World Savings,*

6  *FSB*, 183 Cal.App.4th 1031, 1039 (2010).

7        Moreover, in order to prove detrimental reliance, Plaintiff must have "substantial[ly]

8  change[d] their position, either by act or forbearance, in reliance on the promise."  *Youngman v. Nev.*

9  *Irrigation Dist.*, 70 Ca1.2d 240, 74 (1969).  California courts have found that mere allegations of

10  payments (or lack of payments) made by borrowers are insufficient to show reliance on an oral

11  modification agreement, and plaintiffs must show that they substantially changed their position in

12  other ways in order to overcome a statute of frauds defense.  *Secrest v. Security Nat. Mortg. Loan*

13  *Trust 2002-2*, 167 Cal.App.4th 544 (2008).

14        Here, Plaintiff alleges in a conclusory manner that he relied on SPS's purported instructions

15  to "stop making payments on the loan and wait for a loan modification package."  (Compl., ¶ 31).

16  However, Plaintiff remained obligated under the terms of the Deed of Trust at all times – despite his

17  request for a modification.  Accordingly, Plaintiff's continued default on the loan and failure to seek

18  additional measures to bring his loan current cannot be "reasonably justified" by his request for SPS

19  to modify his loan.  *Khan v. CitiMortgage, Inc.*, 975 F.Supp.2d 1127, 1141 (E.D. Cal. Sept 30, 2013)

20  (dismissing claim against lender as plaintiff's alleged reliance on a potential loan modification was

21  not justified because plaintiff remained obligated under the terms of her note and deed of trust).

22        For all of these reasons, Plaintiff's sixth cause of action should be dismissed against SPS

23  with prejudice.

24    **H.    Plaintiff's Seventh Cause of Action for Infliction of Emotional Distress Fails to**

25          **State a Claim**

26        Plaintiff's seventh cause of action purports to assert a claim for intentional infliction of

27  emotional distress against SPS.  As an initial matter, the Complaint does not allege extreme or

28  outrageous conduct by SPS - a necessary first element of an actionable claim for intentional

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   infliction of emotional distress. *See Mintz v. Blue Cross of California*, 172 Cal.App.4th 1594, 1607

2   (2009) ("To state a cause of action for intentional infliction of emotional distress, the plaintiff must

3   allege (1) extreme and outrageous conduct with the intention of causing, or reckless disregard of the

4   probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional

5   distress; and (3) actual and proximate causation of the emotional distress by the defendant's

6   outrageous conduct."); *Berkley v. Dowds, 152 Cal.App.4th* 518 (2007). Plaintiff alleges only normal

7   acts relating to foreclosure upon default. Those acts do not constitute the required "outrageous

8   conduct," as they do not exceed all bounds of conduct tolerated in a civilized community. *See*

9   *Ricard v. Pacific Indemnity Co.*, 132 Cal.App.3d 886, 895 (1982).

10      Further, the Complaint does not set forth facts indicating the nature or extent of mental

11  suffering incurred as a result of SPS's alleged conduct, as is also required to state a cause of action

12  for intentional infliction of emotional distress. *See Hamilton v. Prudential Financial*, 2007 WL

13  2827792, *4 (E.D. Cal. Sept. 27, 2007) ("Plaintiff has failed to allege facts that show he suffered

14  from mental distress of such a severe nature that no reasonable member of society should be

15  expected to endure it. Plaintiff has alleged that he suffered from 'depression,' 'frustration,'

16  'nervousness and anxiety,' but these conclusory statements lack the necessary specific facts to show

17  their nature or extent."). Here, Plaintiff's Complaint alleges only the conclusion that Plaintiff

18  suffered distress such as "humiliation, mental anguish, and emotional distress, resulting in

19  hypertension and depression," but does not provide any substantiating facts. (Compl., ¶ 35). These

20  conclusions do not suffice.

21      Thus, Plaintiff's seventh cause of action for intentional infliction of emotional distress must

22  fail.

23  **IV.    CONCLUSION**

24      For the foregoing reasons, Defendants respectfully request that this Court grant their Motion

25  to Dismiss this action in its entirety.

26

27

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

14

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

Dated:  December 3, 2014

Respectfully submitted,

LOCKE LORD LLP

By:  _/s/ Lindsey E. Kress_

*Attorneys for Defendants*
SELECT PORTFOLIO SERVICING, INC.
(erroneously sued as SELECT PORTFOLIO
SERVICES, INC.) and NATIONAL DEFAULT
SERVICING CORPORATION

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Villanueva vs. Select Portfolio Services, Inc., et al.*, Case No. 5:14-cv-05238-HRL

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104