LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Lindsey E. Kress (SBN 278213)
lkress@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone: 415-318-8810
Facsimile: 415-676-5816

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. (erroneously sued as SELECT PORTFOLIO SERVICES, INC.) and NATIONAL DEFAULT SERVICING CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VILLANUEVA<br><br>                   Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICES, INC., NATIONAL DEFAULT SERVICING CORPORATION; and DOES 1-100<br><br>                   Defendants. | CASE NO. 5:14-cv-05238-BLF<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:  April 16, 2015<br>Time:  1:30 p.m.<br>Place:  Courtroom 3, Fifth Floor<br><br>Complaint Filed:  November 12, 2014 |

Defendants Select Portfolio Servicing, Inc. ("SPS") ("erroneously sued as Select Portfolio Services, Inc.") and National Default Servicing Corporation ("NDSC") (collectively with SPS, "Defendants") provide the following Case Management Statement[1]:

**1.   JURISDICTION AND SERVICE**

---

[1] Defendants' counsel attempted to confer with Plaintiff's counsel, Elias Portales, regarding the Joint Case Management Statement. Counsel for Defendants provided Mr. Portales with a draft Joint Case Management Statement for his review and edit. Mr. Portales did not respond or otherwise contribute to the Joint Case Management Statement as of the date of this filing.

1

This Court has subject matter jurisdiction over this action pursuant 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this case is located in Santa Clara County, California. All parties have been served.

## 2. FACTS

### A. Defendants' Statement

Plaintiff obtained a mortgage loan from GreenPoint Mortgage Funding, Inc. ("GreenPoint") in the amount of $312,000 on or about June 7, 2006. This loan was secured by a deed of trust ("Deed of Trust") recorded against the Property. The Deed of Trust provided that the lender was GreenPoint, the trustee was Marin Conveyancing Corp., and the beneficiary was Mortgage Electronic Registration Systems, Inc. ("MERS"). An Assignment of Deed of Trust whereby MERS transferred its interest in Plaintiff's Deed of Trust to Bank of New York Mellon FKA The Bank of New York, as trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-0C7, Mortgage Pass-Through Certificates, Series 2006-OC7 was recorded against the Property on July 2, 2012. A Substitution of Trustee was recorded against the Property on June 2, 2014, substituting NDSC as trustee under the Deed of Trust as of May 23, 2014.

On or about June 2, 2014, a Notice of Default was recorded against the Property, reflecting a past due amount of $21,736.55 as of May 30, 2014. A Notice of Trustee's Sale was recorded on September 16, 2014. The Property was sold at a public auction on December 19, 2014.

Plaintiff asserts various claims regarding the servicing of his mortgage loan and the events leading up to the foreclosure sale of the Property. Defendants dispute Plaintiff's allegations.

## 3. LEGAL ISSUES

### A. Defendants' Statement

Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim on December 3, 2014, which is set to be heard on April 23, 2015. Plaintiff's opposition was due on December 17, 2014. As of the date of this filing, Plaintiff has not opposed Defendants' motion to dismiss.

In their motion to dismiss the complaint, Defendants argued that the entire complaint should be dismissed because Plaintiff's allegations fail to give Defendants fair notice in violation of Rule 8(a). In addition, Defendants' motion to dismiss argued that Plaintiff's claims fail to state a claim because they are each contradicted by established case law or insufficiently pled.

**4.    MOTIONS**

Defendants filed a motion to dismiss the complaint, which is set to be heard on April 23, 2015. Defendants intend to file a motion for summary judgment, if necessary.

**5.    AMENDMENT OF PLEADINGS**

Defendants expect that Plaintiff may file an amended complaint if Defendants' motion to dismiss the complaint is granted with leave to amend.

**6.    EVIDENCE PRESERVATION**

Defendants certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Defendants attempted to meet and confer with Plaintiff's counsel regarding the requirement to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.    DISCLOSURES**

Initial Disclosures pursuant to the Federal Rules of Civil Procedure 26 have not yet been made. Defendants propose that Initial Disclosures be served within 30 days of the date Defendants file their Answers.

**8.    DISCOVERY**

No formal discovery has been taken to date as the pleadings are not yet at issue; in particular it is not clear what claims and allegations will survive Defendants' motions to dismiss the FAC. *See Rutman Wine Co v. E.G Gallo Winery*, 829 F.2d 729, 737 (9th Cir. 1987).

With that in mind, Defendants propose the following discovery plan:

| Deadline | Proposed Date |
|---|---|
| Discovery Cutoff | 240 days after Defendants file an Answer |
| Plaintiff's Expert Disclosures | 45 days before Discovery Cutoff |
| Defendants' Expert Disclosures | 15 days before Discovery Cutoff |

| Dispositive Motions Due | 30 days after Discovery Cutoff |
|---|---|
| Hearing on Dispositive Motions | Court to set date(s) |
| Pretrial Conference | 2 weeks before trial |
| Trial | Court sets date |

**9.   CLASS ACTION**

This is not a class action.

**10.   RELATED CASES**

There are no related cases.

**11.   RELIEF**

    **A.   Defendants' Statement**

Defendants deny that Plaintiff is entitled to any of the relief that he seeks from Defendants.

**12.   SETTLEMENT AND ADR**

The parties have not engaged in settlement discussions and have not participated in any ADR programs.  Defendants do not believe that this case is suitable for ADR because the Property has already been sold at a foreclosure sale and, as a result, Defendants are unable to consider Plaintiff for a loan modification.

**13.   CONSENT TO A MAGISTRATE JUDGE**

All parties have not consented.

**14.   OTHER REFERENCES**

Defendants do not believe this case is suitable for referral to other processes at this time.

**15.   NARROWING OF ISSUES**

The issues have not yet been narrowed but Defendants anticipate that they will be narrowed as a result of Defendants' motions to dismiss the complaint.

**16.   EXPEDITED TRIAL PROCEDURE**

There appear to be no grounds upon which to handle this case on an expedited basis.

**17.   SCHEDULING**

*See* section 8, *supra*.

**18.   TRIAL**

Defendants predict trial will take approximately 3-5 days.

**19.** **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

    A.    **Defendants' Statement**

    1.    Select Portfolio Servicing, Inc. ("SPS"), a wholly owned subsidiary of SPS Holding Corp., a privately held Delaware corporation, whose sole shareholder is Credit Suisse (USA), Inc.

    2.    Defendant National Default Servicing Corporation ("NDSC").

    3.    Non-party U.S. Bank National Association as indenture trustee for Greenpoint Mortgage Funding Trust 2006-HE1 ("U.S. Bank"). U.S. Bank is the current beneficiary under the Deed of Trust secured by the Property that is the subject of Plaintiff's Complaint.

**20.** **PROFESSIONAL CONDUCT**

Counsel for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** **OTHER MATTERS**

None

Dated:  April 9, 2015

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Lindsey E. Kress*
Regina J. McClendon
Lindsey E. Kress

*Attorneys for Defendants*
SELECT PORTFOLIO SERVICING, INC. (erroneously sued as SELECT PORTFOLIO SERVICES, INC.) and NATIONAL DEFAULT SERVICING CORPORATION

//
//
//
//
//

**CASE MANAGEMENT ORDER**

The above DEFENDANTS' CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____     _____

Hon. Beth Labson Freeman

UNITED STATES DISTRICT JUDGE