UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL VILLANUEVA,<br><br>        Plaintiff,<br><br>        v.<br><br>SELECT PORTFOLIO SERVICES, INC., et al.,<br><br>        Defendants. | Case No. 14-cv-05238-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, WITH PREJUDICE**<br><br>[Re: ECF 6] |

Defendants Select Portfolio Servicing, Inc. ("SPS", sued as Select Portfolio Services, Inc.) and National Default Servicing Corporation ("NDSC") jointly move to dismiss Plaintiff's Complaint, which alleges various causes of action arising out of a mortgage loan modification application, and the subsequent Notice of Trustee's Sale filed on the subject real property while the loan modification application was pending. Plaintiff did not file an opposition to the motion to dismiss, and has not otherwise filed a document in this action since the case was removed by Defendants to federal court.[1] The Court determined that this motion was appropriate for adjudication without oral argument, pursuant to Civil Local Rule 7-1(b). *See* ECF 15. For the reasons below, the Court GRANTS the motion to dismiss, with prejudice.

**I.     BACKGROUND**

Plaintiff is the owner of real property located in San Jose, California. *See* Compl., ECF 1-1 ¶ 6. On or about September 10, 2014, Plaintiff received a letter from Defendant SPS "indicating that her request for a loan modification was under active review." Compl. ¶ 7.[2] Plaintiff then

---

[1] Defense counsel notes also that Plaintiff's counsel did not respond to their attempts to meet and confer regarding the parties' joint case management statement. *See* ECF 14 at 1 n.1.

[2] The Court notes that the Complaint repeatedly refers to Plaintiff as "her," while the supporting

pleads that on September 16, 2014, prior to receiving a determination as to the requested loan modification, a "Notice of Trustee's Sale was filed with a sale date set for October 10, 2014 . . . in violation of the bar against dual tracking in the California Homeowner's Bill of Rights." Compl. ¶ 8. Plaintiff's Complaint asserts causes of action for negligent servicing, fraud, breach of the covenant of good faith and fair dealing, breach of contract, violations of the Homeowner's Bill of Rights, promissory estoppel, and intentional infliction of emotional distress.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's seven causes of action for failure to state a claim. The Court considers each cause of action in turn.[3]

---

declarations use both male and female pronouns. (The Court will use "Plaintiff.") The Complaint also interchangeably includes references both a "Plaintiff" and "Plaintiffs." These mix-ups are coupled with a complete lack of factual pleading regarding the nature of the loan in question, the communications between Plaintiff and SPS regarding the modification, or the foreclosure sale, which make it clear to the Court that this is nothing more than a form complaint. Plaintiff's failure to "provide well-pleaded factual allegations in support of" *any* of the causes of action, renders this Complaint in violation of Rule 8's command that a plaintiff provide a "short and plain" recitation of the facts giving rise to the suit. *Cf., e.g.*, *Corazon v. Aurora Loan Servs., LLC*, 2011 WL 1740099, at *5 (N.D. Cal. May 5, 2011) (dismissing a similarly threadbare complaint that did not comply with Rule 8).

[3] In support of the motion to dismiss, Defendants ask the Court to take judicial notice of five

2

### A. Negligent Servicing

Plaintiff's first cause of action, against both SPS and NDSC, alleges negligent servicing of the subject loan. Plaintiff contends that Defendants, "acting as Plaintiff's lender and loan servicer, had a duty to exercise reasonable care [] to maintain proper and accurate loan records," Compl. ¶ 10, and breached this duty in the servicing of the loan by "fail[ing] to timely investigate Plaintiff's RESPA request, or remedy their error in dual tracking Plaintiff's account." Compl. ¶ 11.

A cause of action for negligence in California requires a party to plead (1) a legal duty to use reasonable care, (2) breach of that duty, (3) proximate cause, and (4) injury to the Plaintiff. *See, e.g.*, *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998). In California, courts have repeatedly held that a lender does not owe a duty of care to a borrower when its involvement in the loan transaction "does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991); *see also Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006) ("Absent special circumstances a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender."). To the extent Plaintiff's negligence claim is based on the requested loan modification, *see* Compl. ¶ 7, loan modification falls within a lender's conventional role as a money lender, and lenders generally owe no duty to borrowers to modify a loan. *See, e.g.*, *Dooms v. Fed. Home Loan Mortg. Co.*, 2011 WL 1232989, at *12 (E.D. Cal. Mar. 31, 2011); *see also Armstrong v. Chevy Chase Bank, FSB*, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012) ("[A] loan modification . . . is nothing more than a renegotiation of loan terms."). Plaintiff has pled no "special circumstances" to show an exception to this general rule. *Cf. Nymark* at 1096.

The Court finds that Plaintiff has failed to establish that either Defendant owed a duty that it then breached. Further, Plaintiff pleads no facts regarding the proximate cause of any injury that resulted from any alleged negligence. The first cause of action must therefore be dismissed.

---

documents, which were each publicly recorded in the Santa Clara County Recorder. *See* Request for Judicial Notice, ECF 7 at 2. These documents are "matters of public record," *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), and Plaintiff did not file an objection to the request. The Court therefore GRANTS Defendants' request for judicial notice.

3

**B.    Fraud**

Plaintiff's second cause of action against both SPS and NDSC alleges that both Defendants engaged in a "pattern and practice of defrauding Plaintiff in that[] Defendants encouraged Plaintiff to continue to submit documentation for the NPV calculation," but had "no intention of properly investigating Plaintiff's NPV calculation." Compl. ¶¶ 14, 15. Plaintiff pleads that Defendants made representations that "they knew [] to be false," *id.* at ¶ 15, and that based on these representations Plaintiff was "induced to stop making payments on their (sic) Loan and wait for the loan modification package with the assurance their (sic) Property would not be foreclosed." Compl. ¶ 16.

Under California law, a Plaintiff must plead five things: (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) resulting damage. *See, e.g.*, *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007). Further, when pleading fraud against a corporation, a Plaintiff must allege the name (or names) of the person(s) who made the representations, along with "their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). A cause of action for fraud is subject to the heightened pleading requirements of Rule 9(b), and the party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In this circuit, this means that fraud claims must be "accompanied by the who, what, when, where, and how of the misconduct alleged." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Plaintiff's fraud cause of action pleads none of these things. Apart from its vague allegations regarding Defendants' representations regarding the loan modification, Plaintiff does not plead the specific misrepresentations made, that they were made with knowledge of falsity or with the intent to defraud Plaintiff, or how it was reasonable for Plaintiff to rely on those statements when Villanueva "stop[ped] making payments on [the] loan." Compl. ¶ 16. Further, Plaintiff pleads no information regarding the identity of the individual(s) making these allegedly fraudulent statements, as required by *Tarmann*.

Plaintiff's fraud pleading fails to meet even the requirements of *Twombly* and *Iqbal*, let

4

1  alone the heightened pleading requirements of Rule 9(b). As such, it must be dismissed.

### C. Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's third and fourth causes of action, against SPS alone, are for breach of the covenant of good faith and fair dealing and breach of contract. Plaintiff alleges that SPS and Plaintiff entered into an oral contract whereby SPS agreed to provide Plaintiff "a written confirmation of the loan modification and to not pursue any foreclosure action on the subject property," Compl. ¶ 24, and that SPS breached this oral contract "when it wrongfully failed to provide Plaintiffs (sic) with the promised loan modification." Compl. ¶ 25. Plaintiff further alleges that SPS "did not act in good faith and did not deal fairly" with Plaintiff because "SPS did not adequately process Plaintiffs (sic) RESPA request and subsequently failed to timely investigate and remedy the accounting error caused by the imposition of additional hazard insurance." Compl. ¶ 20. Plaintiff contends that SPS engaged in this conduct to "drive Plaintiffs (sic) into foreclosure so that [it] could acquire the Subject Property with its large equity at a bargain basement price." Compl. ¶ 21.

Under California law, an agreement to modify a mortgage loan must be in writing and signed by the party to be charged, otherwise it is subject to the Statute of Frauds. *See Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1043 (E.D. Cal. 2010) ("Here, the alleged promise for a loan modification is subject to the statute of frauds. Absent a written agreement to modify the loan, any claim based upon an oral contract to modify the loan is barred by the statute of frauds.")  (citing *Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552 (2008)). Plaintiff has not pled the existence of a written contract, and pleads only that the parties entered into an oral agreement regarding the loan modification. *See* Compl. ¶ 24. Because a breach of contract claim based on an oral promise to modify a mortgage loan is barred by the Statute of Frauds, Plaintiff's fourth cause of action for breach of contract must be dismissed.[4]

---

[4] Even if this contract were not subject to the Statute of Frauds, Plaintiff has failed to allege all material terms of the purported contract, which is required under a traditional breach of contract analysis. *See, e.g.*, *Mora v. U.S. Bank, N.A.*, 2012 WL 2061629, at *2-3 (N.D. Cal. Jun. 7, 2012).

1    Plaintiff's third cause of action for breach of the covenant of good faith and fair dealing
2    similarly fails. Breach of the implied covenant requires that a plaintiff plead, among other things,
3    that the parties entered into a contract, because the implied covenant "cannot impose substantive
4    duties or limits on the contracting parties beyond those incorporated in the specific terms of the
5    agreement." *Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (2004). Because Plaintiff has not pled the
6    existence of a loan modification contract between the parties – which must be written or otherwise
7    is barred by the Statute of Frauds – Plaintiff cannot bring a claim for breach of the implied
8    covenant based on the terms of that agreement. *See Dooms* at *8-9 (dismissing a breach of the
9    implied covenant claim where the plaintiff did not "set forth verbatim contract terms and no copy
10   of the written [contract] on which [plaintiff] relies is attached" to the complaint).

### D.   Homeowner's Bill of Rights ("HBOR")

Though Plaintiff brings the fifth cause of action against both SPS and NDSC, Plaintiff pleads only that SPS violated California's HBOR, Cal. Civ. Code §2923.6, by "dual tracking Plaintiff's loan." Compl. ¶ 28.

Plaintiff's claim fails for two reasons. First, Plaintiff does not plead which portion of the HBOR Defendants are alleged to have violated. Defendants have not been put on notice of what conduct Plaintiff is specifically challenging, given that the HBOR bars many different types of conduct. *Cf., e.g.*, *Levine v. Entrust Grp., Inc.*, 2013 WL 1320498, at *6-7 (N.D. Cal. Apr. 1, 2013) (dismissing a claim for "violations of Consumer Financial Protections Bureau regulations" when the plaintiff did not set forth the specific regulation(s) defendant was accused of violating). Second, to the extent Plaintiff is attempting to plead a violation of Civil Code § 2923.6(c), which regulates when a party can record a notice of default or sale while a loan modification is pending, the Complaint still fails to state a claim because § 2923.6(c) only bars the recording of a notice of default or sale when a loan modification application has been *completed* and is pending before the lender, and then only when the modification application is the first one sought by the borrower. *See* Civ. Code § 2923.6(c)(1)-(3). Plaintiff has not pled that a completed loan modification application was pending on the subject loan, or that all documents necessary to deem to the loan modification application completed were provided to Defendants prior to September 16, 2014, the

1  date the Notice of Trustee's Sale was filed. *See* Compl. ¶ 8. For these reasons, Plaintiff's fifth
2  cause of action must be dismissed.

### E.  Promissory Estoppel

Plaintiff's sixth cause of action for promissory estoppel is brought only against SPS. Plaintiff alleges that SPS "promised Plaintiff a loan modification agreement," and in reliance on these representations Plaintiff was "induced to stop making payments on their (sic) loan and wait for the loan modification package with the assurance the Subject Property would not be foreclosed." Compl. ¶¶ 30, 31.

A claim for promissory estoppel requires a Plaintiff to show that there was (1) a clear and unambiguous promise, (2) reliance by the party to whom the promise is made, (3) which is reasonable and foreseeable, and (4) injury. *See, e.g.*, *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011). Though promissory estoppel may operate as an exception to the Statute of Frauds, *see, e.g.*, *Siam Numhong Prods. Co., Ltd. v. Eastimpex*, 866 F. Supp. 445, 448 (N.D. Cal. 1994), a plaintiff must nonetheless show that the promise made was clear and unambiguous, and must show "detrimental reliance and unconscionable injury in order to avoid the bar of the statute of frauds[.] Unconscionable injury results from denying enforcement of a contract after one party is induced by another party to seriously change position relying on the oral agreement." *Id.*  (citing *Allied Grape Growers v. Bronco Wine Co.*, 203 Cal. App. 3d 432, 442-44 (1988)).

Plaintiff's Complaint does not outline a clear and unambiguous promise made on behalf of SPS. Instead, Plaintiff's Complaint pleads vague statements regarding a promised loan modification. Plaintiff does not plead, for example, what the terms of the modification were, when the modification was to be provided, or which SPS employees promised the modification. Further, the Complaint does not explain how Plaintiff could reasonably rely on the mere *promise* of a loan modification to cease making all payments on the subject loan. Such reliance would not be reasonable. *Cf. Eastimpex* at 447-48. For these reasons, Plaintiff's promissory estoppel claim must also be dismissed.

### E.  Intentional Infliction of Emotional Distress

Plaintiff's seventh cause of action alleges intentional infliction of emotional distress

7

1  ("IIED") against SPS. Plaintiff's Complaint avers that SPS's conduct was "intentional and
2  malicious . . . for the purpose of causing plaintiffs (sic) to suffer humiliation, mental anguish, and
3  emotional distress," Compl. ¶ 35, and that SPS's conduct was an "intentional scheme to defraud"
4  Plaintiff and "constitute[d] despicable conduct in conscious disregard of Plaintiffs' (sic) rights."
5  Compl. ¶ 38.

6       To plead a cause of action for IIED, a plaintiff must allege (1) the defendant's extreme and
7  outrageous conduct done with the intention of causing, or reckless disregard of the probability of
8  causing, emotional distress, (2) that plaintiff suffered severe emotional distress, and (3) that the
9  defendant's conduct was the proximate cause of plaintiff's severe emotional distress. *See, e.g.*,
10  *Berkley v. Dowds*, 152 Cal. App. 4th 518, 533 (2007) (citing *Cochran v. Cochran*, 65 Cal. App.
11  4th 488, 494 (1998)). Defendants contend that Plaintiff's pleading "alleges only normal acts
12  relating to foreclosure upon default," and does not give rise to a cause of action for IIED. The
13  Court agrees with Defendants. Apart from its cursory use of the terms "despicable" and
14  "malicious," Plaintiff's Complaint does not plead conduct which shows that Plaintiff "suffered
15  from mental distress of such a severe nature that no reasonable member of society should be
16  expected to endure it." *Hamilton v. Prudential Financial*, 2007 WL 2827792, at *4 (E.D. Cal.
17  Sept. 27, 2007). Because Plaintiff's Complaint lacks *any* factual pleading about the conduct in
18  which Defendants engaged, and simply consists of conclusory assertions about a loan
19  modification, Notice of Trustee's Sale, and improper dual tracking of a loan on the subject
20  property, Plaintiff has not pled any facts that would give rise to a cause of action for IIED, and
21  Plaintiff's seventh cause of action must therefore be dismissed.

22      **F.**    **Leave to Amend**

23       In general, courts should liberally grant a plaintiff leave to amend a complaint "when
24  justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to
25  amend, however, when amendment would prejudice the opposing party, is sought in bad faith,
26  would be futile, or would cause undue delay. *See Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743
27  F.2d 1310, 1319 (9th Cir. 1984). The "test for futility is identical to the one used when considering
28  the sufficiency of a pleading challenged under Rule 12(b)(6)." *Kuschner v. Nationwide Credit,*

8

*Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Here, granting leave to amend would be futile. Plaintiff has not filed an opposition in this action, nor has Plaintiff's counsel otherwise appeared in this Court since Defendants removed the case. Plaintiff has therefore provided the Court with no additional facts by which the Court could find that the deficiencies outlined in the order could be cured. Because all of Plaintiff's claims require far greater explication of the nature of the loan modification at issue – and the breach of contract claim and implied covenant claims in fact require a written contract be produced with the Complaint – amendment would be futile. *See, e.g.*, *Kuschner* at 687. Defendants have attempted to meet and confer with Plaintiff's counsel, to no avail, and have been forced to litigate against an absent opponent regarding a form Complaint replete with errors as basic as the sex and number of parties and types of claims at issue. With no opposition provided, and no attempt by Plaintiff's counsel to engage with this motion, further amendment would be futile, and would prejudice Defendants. *Cf. Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1998).

## IV. ORDER

For the foregoing reasons, Defendants' motion to dismiss is granted, with prejudice.

**IT IS SO ORDERED.**

Dated: May 11, 2015

_____
BETH LABSON FREEMAN
United States District Judge